Judge: Christopher M. Alston
Chapter: 13
Hearing Date: August 15, 2019
Hearing Time: 9:30 a.m.
Hearing Location:
    Judge Alston's Courtroom
    700 Stewart St #7206
    Seattle, WA 98101

Response Date: August 08, 2019

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

KLEENE MANNING,

    Debtor.

IN CHAPTER 13 PROCEEDING
NO. 17-13769-CMA

TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO MODIFY CHAPTER 13 PLAN POST-CONFIRMATION

    Jason Wilson-Aguilar, Chapter 13 Trustee in these proceedings, objects to the debtor's motion to modify Chapter 13 plan post-confirmation (ECF No. 25) as follows:

    The debtor filed amended Schedules I and J in connection with the motion (ECF No. 27). The amended schedules reflect the change in the debtor's employer and the reduction in her EBay business income, as explained by the debtor in her declaration (ECF No. 26). However, the debtor made an additional change to Schedules I and J from the original versions (ECF No. 1) that she fails to explain in the declaration. Specifically, the debtor removed from Line 8h of Schedule I a contribution of $695/month from her non-filing spouse. The debtor's current Schedule J does not show any dependents, and she indicates that the expenses set forth therein do not include expenses of people other than herself. However, other than halving the amount of money per month she contributes to family in the Philippines and making a few small reductions to other expenses, the debtor's overall budget remains largely unchanged from her original Schedule J, which presumably would have covered the expenses for two people. The debtor needs to explain the reason for this change in the amended Schedule I, and the current size of her household, so that the Trustee can assess her current income, and the reasonableness of her budget and proposed plan payment.

OBJECTION - 1

    Chapter 13 Trustee
    600 University St. #1300
    Seattle, WA 98101
    (206) 624-5124 FAX 624-5282

It is not clear if the debtor is still married, and/or if her non-filing spouse still receives income. If the parties remain married and the debtor's husband earns income, presumably his wages are an asset of the marital community. Wash. Rev. Code § 26.16.030. As such, the debtor would need to further amend Schedules I and J to disclose her spouse's income and provide 30 days' proof of this income to the Trustee, so that the Trustee can assess the debtor's current financial situation. A post-confirmation modified plan must be proposed in good faith. 11 U.S.C. §§ 1329(b)(1); 1325(a)(3). As part of the good faith analysis, the Court may consider whether the proposed modification correlates to the debtors' change in circumstances. *Mattson v. Howe*, 468 B.R. 361, 371 (B.A.P. 9th Cir. 2012). The debtor has the burden to establish that the modified plan is proposed in good faith. *Id.* at 372. Here, the debtor has not met this burden as she has not fully explained her current financial situation.

Based on the foregoing, the Trustee submits that the debtor's motion to confirm amended plan as proposed should be denied.

Dated this 8th day of August, 2019

*/s/ Emily A. Jarvis*, WSBA #41841 for
JASON WILSON-AGUILAR
Chapter 13 Trustee

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282